IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHONDELL T. BUCHANAN,

                Petitioner,                                ORDER

      v.                                                   09-cv-163-slc[1]

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Shondell T. Buchanan has filed a petition for writ of error coram nobis pursuant to 28 U.S.C. § 1651; in which he seeks to modify his sentence. Coram nobis petitions are available only to persons who are no longer subject to any form of custody. Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000) ("writs in the nature of coram nobis are limited to former prisoners"); United States v. Keane, 852 F.2d 199, 202-03 (7th Cir. 1988). Because defendant is still in custody he is ineligible to challenge his conviction by way of a writ of error coram nobis. A federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). "Call it a motion for a new trial, arrest of

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion. Melton, 359 F.3d at 857.

Normally I would notify petitioner that I was re-characterizing his motion as a § 2255 motion, Castro v. United States, 540 U.S. 375, 382 (2004), and offer him the opportunity to advise the court whether he wishes to proceed with his motion under § 2255. However, in this instance, petitioner may not proceed on a § 2255 motion because he has already raised such a motion in each of the cases in which he claims error occurred. A review of this court's docket shows that on April 24, 2006, petitioner filed § 2255 motions in both case nos. 04-cr-122-jcs-1, dkt. #62, and 04-cr-176-jcs-1, dkt #33. Both motions were denied on July 18, 2006. Because petitioner has already filed a previous § 2255 petition, he cannot file a successive petition without first obtaining permission to do so from the appropriate federal court of appeals. 28 U.S.C. § 2255(h); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition without awaiting any response from the government unless the court of appeals has given approval for the filing."). Petitioner does not allege that he has sought or obtained such permission. Therefore, the instant petition must be dismissed for lack of jurisdiction.

One last housekeeping measure remains. When petitioner filed his motion, it was erroneously docketed in a new case, 09-cv-163-slc, and he was assessed an initial partial filing fee of $58, based on the court's understanding that his petition was in fact a writ of error coram nobis. Because petitioner's submission is a § 2255 motion, it should be docketed in his existing criminal cases without a separate filing fee. Therefore, I will direct the clerk of court to close case no. 09-cv-163-slc, insure that the court's financial records reflect that petitioner does not owe the $350 filing fee for that case and refund the $60 payment he made in this case.

ORDER

IT IS ORDERED that petitioner Shondell T. Buchanan's petition for a writ of error corum nobis to 28 U.S.C. § 1651 is construed as a motion to modify a sentence brought pursuant to 28 U.S.C. § 2255 and is DISMISSED for lack of jurisdiction.

It is FURTHER ORDERED that the clerk of court is directed to close case no. 09-cv-163-slc, insure that the court's financial records reflect that petitioner does not owe the $350 filing fee for that case and refund the $60 initial partial payment of the filing fee he paid in this case to petitioner's account at the United States Penitentiary in Florence, Colorado.

Entered this 4th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge